**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 05 2012, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ISAAC JONES, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-PC-548 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM MARION SUPERIOR COURT, CRIMINAL DIVISION 20
The Honorable Michael Jensen, Magistrate
The Honorable Steven Eichholtz, Judge
Cause No. 49G20-0701-PC-4299

**April 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Isaac Jones appeals from the denial of his petition for post-conviction relief. Jones contends that his trial counsel provided ineffective assistance by failing to properly object to alleged hearsay evidence. Concluding that Jones's claim is barred by res judicata, we affirm.

The underlying facts of this case, taken from this Court's memorandum decision in Jones's direct appeal, are as follows:

> Alicia Kimmons often hung out at an apartment on 38th Street in Indianapolis, where she smoked crack cocaine. Jones, whom Kimmons knew only as Peewee, also hung out at the apartment. Jones and Kimmons often smoked crack together. In early December of 2006, Kimmons was at the apartment with Jones and others. Sometime after Kimmons left, Jones and Damon Starks, the co-defendant in this case, were allegedly robbed. Kimmons testified she heard Jones and Starks "got robbed . . . [a]nd they thought I had something to do with it." Transcript at 211. Don Juan McGee, the lessee of the apartment, and LaTanya Hudson, a friend of Kimmons, each also testified to hearing that Jones and Starks thought Kimmons had "set them up" for the robbery. Id. at 371.
> On the early morning of December 6, 2006, Kimmons was at the home of a man known to her as "Mississippi." Two men stepped into the doorway and asked Kimmons how she was and where she had been. Kimmons responded she had been staying with her mother. The two men then asked Kimmons to come for a ride. Kimmons said she had to use the bathroom first and got up from her chair. As Kimmons walked toward the bathroom, she heard Mississippi open his bedroom door and turned to look for him. Kimmons then saw Starks pull out a gun and hand it to Jones who shot Kimmons three or four times in her back and right side. Kimmons recognized Jones as the shooter and testified he was wearing a black coat with a fur-lined hood, the same coat that he usually wore. In the hospital, Kimmons identified Jones as the shooter to police and identified him from a photo array.
> On January 10, 2007, the State charged Jones with aggravated battery, a Class B felony, and carrying a handgun without a license, a Class A misdemeanor. On February 12, 2007, the State amended the aggravated battery charge to attempted murder. Prior to trial the State dismissed the carrying a handgun without a license charge. Following a jury trial, Jones was convicted of attempted murder and sentenced to forty years.

Jones v. State, No. 49A04-0812-CR-714, slip op. at 2-3 (Ind. Ct. App. Sept. 17, 2009) (footnote omitted), trans. denied.

One of Jones's arguments on direct appeal was that the trial court abused its discretion by admitting McGee's and Hudson's testimony – that Jones and Starks were robbed before the shooting and believed Kimmons had set up the robbery – because it was inadmissible hearsay. McGee and Hudson had heard about the robbery and Jones's and Starks's beliefs from an unknown third party. A panel of this Court concluded that the statements did not constitute hearsay and that the trial court therefore did not abuse its discretion by admitting them:

> These statements are not hearsay because they were not offered to prove that Jones and Starks were in fact robbed or that Kimmons set them up. Rather, the statements were offered as evidence of a motive for Jones to shoot Kimmons, namely that he believed she set up the robbery. Further, even if McGee's and Hudson's statements were improperly admitted, the error would be harmless because Kimmons testified that she heard Jones and Starks "supposedly got robbed. And they thought I had something to do with it." Jones neither objected to Kimmons['s] testimony at trial nor argued its inadmissibility on appeal. Therefore, the trial court did not abuse its discretion when it admitted evidence of the robbery and Jones's belief that Kimmons set it up.

Id. at 8. This Court affirmed Jones's conviction. Id. at 11.

Jones filed a petition for post-conviction relief. In his petition, Jones argued that his trial counsel provided ineffective assistance in part by failing to properly object on hearsay grounds to the testimony of Kimmons, McGee, and Hudson concerning the alleged robbery. After a hearing, the post-conviction court issued findings of fact and conclusions of law denying relief. Jones now appeals.

Jones raises one issue, which we restate as: whether the post-conviction court erred by denying his claim that his trial counsel was ineffective for failing to properly object to alleged hearsay evidence. The State responds that Jones's claim is barred by res judicata.

The purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. Reed v. State, 856 N.E.2d 1189, 1194 (Ind. 2006). A post-conviction petition is not a substitute for an appeal. Id. Further, post-conviction proceedings do not afford a petitioner a "super-appeal." Id. Our post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. Id. If an issue was known and available but not raised on appeal, it is waived. Id. If an issue was raised on direct appeal, but decided adversely to the petitioner, it is barred by res judicata. Id.

The doctrine of res judicata bars a later suit when an earlier suit resulted in a final judgment on the merits, was based on proper jurisdiction, and involved the same cause of action and the same parties as the later suit. Id. As a general rule, when a reviewing court decides an issue on direct appeal, the doctrine of res judicata applies, thereby precluding its review in post-conviction proceedings. Id. The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute. Id. A petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. Id.; see Cambridge v. State, 468 N.E.2d 1047, 1049 (Ind. 1984) ("[W]here an issue, although differently designated, was previously considered and determined upon a criminal

4

defendant's direct appeal, the State may defend against defendant's post-conviction relief petition on grounds of prior adjudication or res judicata.").

Our Supreme Court has found a post-conviction petitioner's claims barred by res judicata where the same essential claims were raised and decided against the petitioner on direct appeal. Overstreet v. State, 877 N.E.2d 144, 149 & n.2 (Ind. 2007). On direct appeal, Overstreet challenged the trial court's refusal to give certain jury instructions and refusal to grant a mistrial where the State engaged in prosecutorial misconduct in failing to disclose that his wife had changed her testimony before trial. Our Supreme Court rejected both of these claims on direct appeal, concluding that the jury was adequately instructed and that the prosecutorial misconduct did not require a mistrial. In his post-conviction appeal, Overstreet reframed these same issues by claiming that his trial counsel provided ineffective assistance by failing to ensure that the jury was properly instructed and by "'Fail[ing] To Seek Dismissal Of Death Request As Remedy For Discovery Violation.'" Id. at 149 n.2 (quoting Overstreet's appellate brief). Our Supreme Court determined that these claims, although worded differently, were attempts to revisit issues already decided against Overstreet on direct appeal and were therefore barred by res judicata.

We find a similar situation here. On direct appeal, Jones argued that the trial court abused its discretion by admitting McGee's and Hudson's testimony that Jones had been robbed and thought Kimmons had set it up because it was inadmissible hearsay. This Court concluded that the testimony was not hearsay and that the trial court therefore did not abuse its discretion by admitting it. Jones now repackages this same argument as

5

ineffective assistance of trial counsel, arguing that trial counsel failed to sufficiently argue his hearsay objections to McGee's and Hudson's testimony and failed to raise any hearsay objection to Kimmons's testimony. We conclude that Jones's hearsay issue, albeit presented as trial counsel ineffectiveness, is barred by res judicata.

Jones nonetheless argues that Bieghler v. State, 690 N.E.2d 188 (Ind. 1997), provides us with the authority to revisit his hearsay claim. In Bieghler, our Supreme Court stated that a claim of ineffective assistance of appellate counsel based on a failure to present issues well essentially requires a reviewing court to review issues already decided to determine whether a better presentation of the issues would have had any effect on its previous decision. See id. at 195. Jones concludes that "under Bieghler, appellate courts may render opinions in post-conviction proceedings that revisit issues and part with conclusions reached on direct appeal." Appellant's Br. p. 21. Our Supreme Court's statements in Bieghler about reviewing issues already decided, however, were in the limited context of reviewing a claim of ineffective assistance of appellate counsel based on a failure to present issues well. Jones abandoned his claim of appellate counsel ineffectiveness. PCR Tr. p. 7. Bieghler is not dispositive.

For the reasons stated, we affirm the post-conviction court's denial of Jones's petition for post-conviction relief.

Affirmed.

DARDEN, J., and BAKER, J., concur.

6