**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JACONIAH FIELDS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JACONIAH FIELDS,                                  )
                                                  )
    Appellant-Petitioner,                        )
                                                  )
        vs.                                  )    No. 89A01-1205-PC-232
                                                  )
STATE OF INDIANA,                                 )
                                                  )
    Appellee-Respondent.                         )

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-0806-PC-002

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Jaconiah Fields, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. Fields raises two issues on appeal: 1) whether he was denied the effective assistance of trial counsel with regard to jury instructions; and 2) whether he was denied the effective assistance of trial and/or appellate counsel with regard to a search from which evidence was obtained. Concluding that he was not denied the effective assistance of his appellate counsel or of his trial counsel on either issue, we affirm.

## Facts and Procedural History

In 2005, Fields was charged with four counts and alleged to be an habitual offender. The counts included dealing cocaine as a Class A felony; being a serious violent felon in possession of a firearm as a Class B felony; and maintaining a common nuisance as a Class D felony. Following a jury trial in November 2006, Fields was convicted of those three charges.[1] With enhancements and consecutive sentences, Fields was sentenced to an aggregate of sixty years. On direct appeal, we affirmed the conviction and sentence, with the exception of the misdemeanor. Fields, 875 N.E.2d 829 at *4. In 2011, Fields petitioned for post-conviction relief claiming ineffective assistance of counsel, and the court held hearings in February 2012. The post-conviction court issued findings of fact and conclusions of law, and denied Fields's petition for post-conviction relief. This pro se appeal followed. Additional facts will be supplied as necessary.

---

[1] Fields was also convicted of possession of marijuana as a Class A misdemeanor, which the sentencing court purported to merge with the nuisance conviction. We vacated the possession of marijuana conviction on direct appeal. Fields v. State, 875 N.E.2d 829 at *1 n.1 (Ind. Ct. App. 2007), trans. denied.

I. Standard of Review

To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), trans. denied. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. Benefield v. State, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. Id.

We review claims of ineffective assistance of counsel under the two prongs set forth in Strickland v. Washington, 466 U.S. 668 (1984). Bieghler v. State, 690 N.E.2d 188, 192 (Ind. 1997), cert. denied, 525 U.S. 1021 (1998). The same standard applies to claims of ineffective assistance of trial or appellate counsel. Id. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness as determined by prevailing norms, and that the lack of reasonable representation prejudiced him. Randolph v. State, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004), trans. denied. To satisfy the first prong, the petitioner must show that counsel's performance was deficient in that counsel's representation fell below an objective standard of reasonableness and that counsel committed errors so serious that petitioner did not have the "counsel" guaranteed by the Sixth Amendment. Reed v. State, 856 N.E.2d 1189, 1195 (Ind. 2006). To show

prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Pruitt v. State, 903 N.E.2d 899, 906 (Ind. 2009).

Under this standard, judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Bieghler, 609 N.E.2d at 192 (citing Strickland, 466 U.S. at 698). Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord that decision deference. Randolph, 802 N.E.2d at 1013. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. Id. Additionally, ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. Reed, 856 N.E.2d at 1196. One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel. Id.

Finally, we note that the two prongs of the Strickland test are separate and independent inquiries. Therefore, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may determine the prejudice prong first without inquiring into whether counsel's performance was adequate. Thacker, 715 N.E.2d at 1284.

## II. Ineffective Assistance of Counsel

### A. Jury Instruction

Fields first claims that he was denied the effective assistance of trial counsel when counsel failed to push the trial court to instruct the jury on possession of cocaine as a Class C felony, a lesser-included charge of dealing cocaine as a Class A felony. Fields acknowledges that at trial, counsel requested that the jury be instructed on the lesser included charges of possession of cocaine as a Class C felony and possession of cocaine as a Class D felony.[2] The court instead chose to instruct the jury on the lesser included charge of dealing cocaine as a Class B felony. Fields however implies that his counsel did not work hard enough to get the Class C instruction included, and concludes that, had the jury been instructed on possession of cocaine as a Class C felony, they would have found Fields guilty of a Class C felony rather than the Class A felony. We disagree.

Fields's trial counsel did request an instruction on the lesser included charge of a Class C felony that Fields here says he wanted, and we do not agree that a failure to further push the issue after the court decided to instruct on a different lesser included charge constitutes performance falling below an objective standard of reasonableness. Further, Fields has failed by far to meet the second prong of the Strickland test. There is no evidence that Fields was prejudiced by the lack of instruction on a Class C felony. The jury found him guilty of the greater charge of a Class A felony and declined to find him guilty of the Class B felony. There is no reason to believe, and Fields does not offer

---

[2] We note that both Fields and the State cite to the transcript of the trial, but that no such transcript was included in the record on appeal here from the post-conviction court. Indiana Appellate Rule 50 requires that any material relied on in the brief must be included in the appendix unless those materials are already included in the transcript. Fortunately, because our opinion here is supported by uncontested facts and the findings of fact of the post-conviction court, we did not need to reference that omitted part of the record.

5

support for the conclusion, that the jury would have found Fields guilty of the even lesser included charge of Class C felony had it been offered. The jury clearly felt that there was proof beyond a reasonable doubt that Fields had committed all of the elements of the Class A charge—a conviction that we upheld on direct appeal—and so Fields was not prejudiced by a lack of jury instruction on a lesser included Class C felony. We conclude that Fields was not denied the effective assistance of his trial counsel on this matter.

## B. Search

Fields's next argument has to do with evidence that was collected by searching his trash. His issue heading relates to the ineffective assistance of trial and appellate counsel, but the body of his argument is directed at the search itself, and does not mention appellate counsel at all.

In fact, trial counsel did file a motion to suppress, which was denied. Fields implies that although trial counsel filed a motion to suppress, counsel was ineffective in that he did not base his motion on the argument that Fields believes was strongest. The transcript of the post-conviction hearing makes it clear that counsel argued the motion to suppress in the way that he felt made the strongest case for the motion, and that in hindsight he still believes his argument was the best way to try to get the evidence suppressed. This is akin to a strategy decision, and trial counsel's choice of support for the motion to suppress did not fall below an objective standard of reasonableness. Further, Fields has not shown that he was prejudiced by the actions of trial counsel—on direct appeal we took up the issue of the motion to suppress and concluded that "[t]he evidence seized through the trash search was appropriately obtained and was permissibly referred to in the affidavit resulting in the search warrant." Fields, 875 N.E.2d at *2.

6

Having already ourselves determined that denial of the motion to suppress was appropriate, Fields has certainly not convinced us that both we and the trial court were mistaken and that, but for some error on trial counsel's part, the motion would have been granted and Fields's outcome would have likely been different. We conclude that Fields was not denied the effective assistance of his trial counsel.

Fields does not present an argument for how his appellate counsel failed to provide him with effective assistance, and on direct appeal his appellate counsel raised the issue of whether the trial court erroneously denied the motion to suppress. We conclude that Fields was not denied the effective assistance of his appellate counsel.

Finally, we note that the bulk of Fields's argument in the brief before us re-hashes the admissibility of the evidence, rather than the effectiveness of counsel. We addressed the motion to suppress and the fruits of the search on direct appeal, and Fields cannot argue it again here at post-conviction. See Woods v. State, 701 N.E.2d 1208, 1213 (Ind. 1998), cert. denied, 528 U.S. 861 (1999) ("It is well established as a general proposition that issues that were or could have been raised on direct appeal are not available in postconviction proceedings.").

## Conclusion

Concluding that Fields was not denied the effective assistance of either trial or appellate counsel, and that the evidence does not lead to a result unmistakably opposite to that reached by the post-conviction court, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

7