**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the
purpose of establishing the defense of
res judicata, collateral estoppel, or the
law of the case.**



APPELLANT PRO SE:

**DAVID MCCOMBS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DAVID MCCOMBS, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 49A05-1111-PC-658 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Defendant. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause Nos. 49G05-0408-PC-154588
49G05-0409-PC-160786

**January 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

David McCombs, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. McCombs raises one consolidated and restated issue on appeal: whether he was denied the effective assistance of his trial and/or appellate counsel. Concluding that McCombs was not denied the effective assistance of trial or appellate counsel, we affirm.

## Facts and Procedural History

On June 16, 2005, following a bench trial, McCombs was found guilty of murder, theft, and carrying a handgun without a license. McCombs was sentenced to sixty years for murder, concurrent with one year for the handgun violation, to be followed by a consecutive two year sentence for theft. On direct appeal, McCombs challenged the sufficiency of the evidence supporting the murder conviction, and we affirmed. McCombs v. State, 845 N.E.2d 264, No. 49A02-0508-CR-715 (Ind. Ct. App., Feb. 28, 2006). In June 2010, McCombs filed a pro se petition for post-conviction relief, and the court held an evidentiary hearing in December 2010. On October 27, 2011, the post-conviction court entered findings of fact and conclusions of law denying McCombs's petition. This appeal followed.

## Discussion and Decision

### I. Standard of Review

To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), trans. denied. A post-conviction court's

2

findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. Benefield v. State, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. Id.

We review claims of ineffective assistance of counsel under the two prongs set forth in Strickland v. Washington, 466 U.S. 668 (1984). Bieghler v. State, 690 N.E.2d 188, 192 (Ind. 1997), cert. denied, 525 U.S. 1021 (1998). The same standard applies to claims of ineffective assistance of trial or appellate counsel. Id. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness as determined by prevailing norms, and that the lack of reasonable representation prejudiced him. Randolph v. State, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004), trans. denied. To satisfy the first prong, the petitioner must show that counsel's performance was deficient in that counsel's representation fell below an objective standard of reasonableness and that counsel committed errors so serious that petitioner did not have the "counsel" guaranteed by the Sixth Amendment. Reed v. State, 856 N.E.2d 1189, 1195 (Ind. 2006). To show prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Pruitt v. State, 903 N.E.2d 899, 906 (Ind. 2009).

Under this standard, judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance. <u>Bieghler</u>, 609 N.E.2d at 192 (citing <u>Strickland</u>, 466 U.S. at 698). Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord that decision deference. <u>Randolph</u>, 802 N.E.2d at 1013. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. <u>Id.</u> Additionally, ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. <u>Reed</u>, 856 N.E.2d at 1196. One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel. <u>Id.</u>

Finally, we note that the two prongs of the <u>Strickland</u> test are separate and independent inquiries. Therefore, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may determine the prejudice prong first without inquiring into whether counsel's performance was adequate. <u>Thacker v. State</u>, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), <u>trans. denied</u>.

## II. Assistance of Counsel

### A. Trial Counsel

McCombs claims that he was denied the effective assistance of his trial counsel because trial counsel failed to interview any of the State's witnesses, failed to investigate possible defenses, and failed to object to the prosecutor's closing argument. As to interviewing State witnesses and investigating defenses, the record clearly shows that trial counsel at minimum deposed the State's chief witness, used investigators to search for potential witnesses, and investigated all leads toward which McCombs directed him. Further, he had a mentor as co-counsel, and had at least one brainstorming session with

4

other public defenders, in addition to other preparation.  It does not appear that counsel's performance was deficient, and McCombs points to no specific actions that counsel should have taken that would have resulted in a different outcome to the proceeding.

As to the prosecutor's closing argument, McCombs points to one page of the trial transcript, although not to any particular wording with which he has a problem.  When reviewing a charge of prosecutorial misconduct, we employ a two-step analysis: first, we consider whether the prosecutor engaged in misconduct; and second, we consider all the circumstances of the case to determine whether such misconduct placed the defendant in a position of grave peril to which he should not have been subjected.  Ratliff v. State, 741 N.E.2d 424, 428-29 (Ind. Ct. App. 2000), trans. denied.

McCombs's brief indicates that his concern centers on statements that the prosecutor made relating to a key witness's credibility.  "The prosecutor may argue both law and facts and propound conclusions based upon his or her analysis of the evidence. It is proper to state and discuss the evidence and all reasonable inferences to be drawn therefrom, provided the prosecutor does not imply personal knowledge independent of the evidence."  Marsillett v. State, 495 N.E.2d 699, 708 (Ind. 1986) (citations omitted). The cited page of the transcript includes the following statements from the prosecutor to the judge regarding the State's chief witness, Mr. Farries:

> And you have to remember these gentlemen were friends.  There's no bias or motivation on behalf of Mr. Farries to testify adversely against this defendant. . . .  I submit Mr. Farries has been honest with this court, and has been truthful, but for an argument on who the direct connection in giving the gun to the defendant.  Again, he's under oath, subjected himself in his mind to legal ramifications for being a felon in possession of a firearm.

5

Trial Transcript at 165. On reviewing the relevant portion of the trial transcript, we, like the post-conviction court, find no statements by the prosecutor that implied independent personal knowledge or were anything other than a conclusion based on the available evidence. Without misconduct, not only did the prosecutor's argument not place McCombs in a position of grave peril, but we also cannot say that an objection from trial counsel would have led the proceeding to a different result. McCombs has not shown that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court as to the assistance of his trial counsel.

## B. Appellate Counsel

To the extent McCombs claims ineffective assistance of appellate counsel for failing to appeal his sentence or the prosecutor's closing argument, those claims are not available on appeal here because they were not raised in the petition for post-conviction relief below.[1] McCombs's only claim of ineffective assistance of appellate counsel in his petition was for failure to raise the issue of ineffective assistance of trial counsel. Having concluded above that trial counsel was not ineffective, we conclude here that the outcome would not likely have been any different had McCombs's appeal included an issue of ineffective assistance of trial counsel. Therefore, appellate counsel was not ineffective for not having raised the issue. McCombs has not shown that the evidence is without

---

[1] To the extent that McCombs raises an independent issue related to his sentence, the post-conviction court correctly noted that issue has been waived because it was available on appeal, and so is not available for post-conviction relief. Timberlake v. State, 753 N.E.2d 591, 597-98 (Ind. 2001) ("If an issue was known and available, but not raised on direct appeal, it is waived."), cert. denied, 537 U.S. 839. Even if it were not waived, we have reviewed the record and conclude that the sentence was neither inappropriate nor an abuse of discretion.

We also note that a copy of the petition for post-conviction relief is not a part of the record on appeal, but the post-conviction court issued detailed findings of fact and conclusions of law that aided our review of this case.

conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

## Conclusion

Concluding that McCombs was not denied the effective assistance of either trial or appellate counsel, and that the evidence does not lead to a result unmistakably opposite to that reached by the post-conviction court, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.