James THACKER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 55A01–9903–PC–87.

Court of Appeals of Indiana.

Sept. 20, 1999.

Transfer Denied Nov. 3, 1999.

Susan K. Carpenter, Public Defender of Indiana, Richard Denning, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-petitioner James Thacker appeals the denial of his petition for post-conviction relief, claiming ineffective assistance of counsel. Specifically, Thacker asserts that his conviction must be reversed because appellate counsel did not challenge his trial counsel's failure to properly object to the alleged improper admission of hearsay testimony at trial.

### FACTS

On June 25, 1994, several police officers from the Martinsville Police Department proceeded to a residence in response to a report regarding an injured person. When the police arrived, Thacker, who was living with Carol Strader, was standing outside the residence and waving his arms. Officer David Chatten entered the home and found Strader lying face down in a bed. Officer Chatten noticed that Strader had multiple bruises all over her body and blood on her chin. Officer Chatten also observed a quantity of bloody rags strewn about the residence.

Immediately thereafter, Strader was transported to a hospital where she appeared to be in a coma. Thacker appeared at the hospital and told several individuals that Strader had fallen. After one of the attending physicians determined that Strader was suffering from a large subdural hematoma on her brain, surgery was performed to stop the internal bleeding. Although Strader survived her injuries, she was ultimately placed in a nursing home as a result of the brain damage she sustained from her injuries.

In September, 1994, the State charged Thacker with Aggravated Battery and with being an habitual offender. At trial, Strader testified that she was unable to remember how she was injured. However, Detective Frans Hollanders, of the Martinsville Police Department, was permitted to testify that he had interviewed Strader on July 27, 1994 at the nursing home. While Strader was unable to talk because of a tracheotomy tube,

Detective Hollanders testified that Strader knew who he was and was able to respond to his questions by nodding her head. Detective Hollanders testified that he asked Strader if Thacker was the reason she was in the hospital and whether Thacker had hit her. Detective Hollanders acknowledged that Strader nodded her head "yes" to both questions. Throughout the course of the trial, Thacker denied hitting Strader.

Thacker's defense counsel objected to the detective's testimony on hearsay grounds and argued that the State had failed to lay a proper foundation for its admissibility. The State responded that the testimony was being offered solely for purposes of impeachment as to Thacker's assertion that Strader's injuries were the result of a fall. The trial court overruled the objection and Thacker subsequently moved for a mistrial which was denied. The trial court then gave the following limiting instruction which was as follows:

> Ladies and gentlemen of the jury, the testimony you have just heard from Detective Frans Hollanders has been received and should be considered solely on the issue of whether the defendant caused injury to Carol Strader on June 25, 1994 and for no other reason.

R. at 1237. Thacker offered no objection to this instruction.

The jury convicted Thacker as charged, and the trial court subsequently sentenced him to twenty years for battery and enhanced that sentence by thirty years for being an habitual offender. Thacker then appealed his conviction and sentence to this court, which we affirmed in an unpublished memorandum decision. *Thacker v. State*, 671 N.E.2d 208 (1996).[1] Thereafter, on October 7, 1998, Thacker filed an amended petition for post-conviction relief,[2] claiming that he was denied effective assistance of counsel because appellate counsel did not argue on direct appeal that trial counsel had failed to properly object to Detective Hollanders' testimony regarding the statement that Strader had made at the hospital. Thus, Thacker contended that had the out-of-court state-

---

1. Thacker's petition for transfer to our supreme court was denied on November 26, 1996.

2. Thacker's original pro-se petition for post-conviction relief was filed on May 14, 1998.

ments been excluded from the evidence, the outcome would have been different, inasmuch as the identity of Strader's attacker was a primary issue at trial. Record at 44.

Following a hearing on Thacker's petition which commenced on December 18, 1998, the trial court denied his request for relief. Thacker now appeals.

## DISCUSSION AND DECISION

### A. Standard of Review

■ A petitioner must establish the grounds for post-conviction relief by a preponderance of the evidence. *Sada v. State,* 706 N.E.2d 192, 197 (Ind.Ct.App.1999); *see also* Ind. Post–Conviction Rule 1(5). On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witnesses. *Montano v. State,* 649 N.E.2d 1053, 1056 (Ind.Ct.App.1995), *trans. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995).

■ When asserting a claim of ineffective assistance of counsel, Thacker must demonstrate that his counsel's performance was sufficiently deficient and that prejudice resulted from the deficiency. *Bouye v. State,* 699 N.E.2d 620, 623 (Ind.1998) (citing *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Thacker is required to show that the identified acts of counsel were outside the wide range of professionally competent assistance. *Brown v. State,* 698 N.E.2d 1132, 1139 (Ind.1998).

■ In addition, to satisfy the prejudice component of the test announced in *Strickland,* a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. State,* 706 N.E.2d 149, 154 (Ind.1999). Thus, Thacker must show

that counsel's errors were so serious as to deprive him of a fair trial or a trial whose result is reliable. *Bouye,* 699 N.E.2d at 623.

■ Finally, we note that the two prongs of the *Strickland* test are separate and independent inquiries. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Williams,* 706 N.E.2d at 154. As a result, this court may determine the prejudice prong first without inquiring into whether counsel's performance was adequate. *Id.*

### B. Thacker's Claims

As noted above, Thacker maintains that his petition for post-conviction relief should have been granted because his counsel on direct appeal failed to challenge his trial attorney's alleged improper objection to Detective Hollanders' testimony. In support of his contention, Thacker asserts that the failure to object to the trial court's admonishment in the form of the limiting instruction that was given was unreasonable and resulted in ineffective assistance of counsel because the statements were erroneously considered by the jury as substantive evidence. Appellant's Brief at 29.

■ Notwithstanding Thacker's argument, we note that even if we were to assume that Thacker's trial counsel was deficient for failing to properly challenge Detective Hollanders' testimony, the record demonstrates that the purported erroneous admission of that evidence was not so prejudicial as to deny Thacker a fair trial. Specifically, the record demonstrates that the statement made to Detective Hollanders constituted but a nominal portion of the other evidence that was admitted at trial to support Thacker's guilt beyond a reasonable doubt.

We note at the outset that the post-conviction court entered extensive and commendable findings of fact and conclusions of law which have substantially aided in our review of this matter. The unchallenged findings which are supported by the record reveal that the investigating officer testified that Strader's injuries appeared consistent with

injuries he had observed in other battery cases. R. at 635–64. Thacker had been alone with Strader from 1:30 a.m. on June 25 until the police and rescue personnel arrived at the residence that day. The treating physicians at the hospital observed that Strader's injuries were likely to have resulted from a direct blow to the skull of fairly strong force, and that a "v-shaped" bruise on her neck was consistent with choking by hands. R. at 764–810. The retinal hemorrhaging and multiple bruises that Strader sustained were not consistent with falling. R. at 843–44; 874–922. Strader's son also testified that his mother was not prone to violent seizures. R. at 1156–58. While Thacker maintained at one point that Strader fell and hit a table, the investigating officers testified that they noticed no blood or hair on any of the tables in the residence. R. at 927–1014. It was also noted that the contusion on Strader's back was not consistent with a fall into furniture. R. at 927–1014.

From this evidence, it is apparent that Thacker was the only individual who had the motive, ability and opportunity to cause the life-threatening injuries to Strader. Thus, even assuming, without deciding, that Detective Hollanders' testimony was improperly admitted by virtue of trial counsel's failure to properly object, the other evidence at trial pointed conclusively and unerringly to Thacker's guilt beyond a reasonable doubt. Thus, we cannot say that Thacker suffered prejudice as a result of the admission of Detective Hollanders' testimony to the extent that he was denied a fair trial. As a result, Thacker's petition for post-conviction relief was properly denied.

Judgment affirmed.

SHARPNACK, C.J., and MATTINGLY, J., concur.