**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 16 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**J. JEFFREYS MERRYMAN, JR.**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROOSEVELT D. BROOKS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 48A02-1205-PC-375 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0811-PC-316

**November 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Roosevelt Brooks appeals the post-conviction court's denial of his petition for post-conviction relief. Brooks raises two restated issues on appeal: 1) whether the post-conviction court erred by not applying the Fajardo court's interpretation of the relevant statute; and 2) whether Brooks was denied the effective assistance of appellate counsel. Concluding that the post-conviction court did not err, and that Brooks was not denied effective assistance of counsel, we affirm.

## Facts and Procedural History

In May 2004, Brooks was charged with four crimes, including possession of cocaine as a Class C felony. At an initial hearing in May 2004, the omnibus date was set for July 26, 2004. In June 2004, at a pretrial conference, the State informed Brooks that it might seek to amend the possession charge to a Class A felony. In March 2005, the State filed a motion to amend the possession count to possession of cocaine with intent to deal, a Class A felony, and Brooks objected that the amendment was untimely. The trial court granted the motion to amend, finding that the amendment would not prejudice Brooks's substantial rights.[1] In April 2006, after a three-day jury trial, Brooks was found guilty as charged.

Brooks's appellate counsel filed his brief in a direct appeal on January 16, 2007, and did not argue that the trial court erred in granting the State's motions to amend after

---

[1] In November 2005, the State moved to amend the information to add Count V, Class C felony possession of cocaine while in possession of a firearm, and Brooks again objected that the amendment was untimely and requested a continuance. The trial court granted the motion to amend as well as the request for a continuance. However, following trial, the trial court did not enter judgment or sentence Brooks on Count V, out of double jeopardy concerns.

the omnibus date had passed.[2] That same day, the Indiana Supreme Court handed down its opinion in Fajardo v. State, 859 N.E.2d 1201 (Ind. 2007), which interpreted the Indiana Code section addressing the amendment of charges as requiring that matters of substance be amended no later than thirty days before the omnibus date. Id. at 1208 (citing Ind. Code § 35-34-1-5(b) (2006)). Brooks's counsel did not amend his appellate brief in light of Fajardo. On May 8, 2007, a revision of Indiana Code section 35-34-1-5 became effective, in which amendments of charges related to matters of substance are allowed at any time before trial as long as the amendment does not prejudice the substantial rights of the defendant. On August 24, 2007, this court handed down its memorandum decision in Brooks's direct appeal, affirming Brooks's convictions.

Brooks filed a petition for post-conviction relief alleging that he was denied his right to effective assistance of appellate counsel when, following the decision in Fajardo, his counsel failed to amend his brief to include the argument that the trial court erred when it allowed the State to amend the information after the omnibus date. On April 16, 2012, the post-conviction court issued findings of fact and conclusions of law and denied Brooks's petition for post-conviction relief. The post-conviction court found that the revised statute applied to Brooks, that the amendments did not prejudice his substantial rights, and that he was not denied the effective assistance of appellate counsel. This appeal followed. Additional facts will be supplied as necessary.

---

[2] Brooks v. State, 872 N.E.2d 704 (Ind. Ct. App. 2007), trans. denied.

## Discussion and Decision

### I. Judgment of the Post-Conviction Court

#### A. Standard of Review

To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), trans. denied. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. Benefield v. State, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. Id.

#### B. Post-Conviction Court's Retroactive Application of the Amended Statute

Brooks argues that the post-conviction court should have applied the Fajardo court's interpretation of Indiana Code section 35-34-1-5 when determining whether the amendments to the information at trial were appropriate. We disagree. Brooks's position is that because the Fajardo court interpreted the statute that was in effect at the time of his trial, the post-conviction court should not have retroactively applied the statute as amended in 2007. However, when looking at the larger picture, it becomes obvious that Fajardo was transient.

At the time of Brooks's trial, Indiana Code section 35-34-1-5(b) permitted amendments to the charging information in matters of substance up to thirty days before

4

the omnibus date for felony charges.[3]   Yet courts routinely allowed amendments to matters of substance after the omnibus date as long as the substantial rights of the defendant were not prejudiced.  Fajardo, 859 N.E.2d at 1206-07 (citing cases); Hurst v. State, 890 N.E.2d 88, 95 (Ind. Ct. App. 2008) ("For over twenty years prior to Fajardo, case law regularly permitted amendments related to matters of substance as long as the substantial rights of the defendant were not prejudiced, regardless of whether the amendments were untimely under I.C. § 35-34-1-5(b)."), trans. denied; Leatherwood v. State, 880 N.E.2d 315, 319 (Ind. Ct. App. 2008) (citing cases), trans. denied.  Therefore, under case law at the time of Brooks's trial, the amendment to the information was acceptable so long as it did not prejudice his substantial rights.

Fajardo then interpreted the statute to allow amendments related to matters of substance only if the amendment was made at least thirty days before the omnibus date (for felonies), regardless of whether or not substantial rights were prejudiced.  859 N.E.2d at 1207.  However, less than four months after Fajardo was decided, the Indiana Legislature amended the statute to allow amendments to the information, including matters of substance, at any time before trial as long as the substantial rights of the defendant are not prejudiced.[4]  The amendment to the statute then essentially codified

---

[3] (b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:
         (1) thirty (30) days if the defendant is charged with a felony; or
         (2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
before the omnibus date.  When the information or indictment is amended, it shall be signed by the prosecuting attorney.
Ind. Code § 35-34-1-5(b) (2006).

[4] (b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:
         (1) up to:

5

what had been the common law surrounding the statute for years before <u>Fajardo</u> was decided.

We have surmised that the quick response of the legislature indicated a desire to negate the effects of <u>Fajardo</u>. <u>Hurst</u>, 890 N.E.2d at 95 ("The legislature immediately responded to <u>Fajardo</u> by amending the statute, effective May 8, 2007, to reflect the pre-<u>Fajardo</u> law (i.e., amendments of substance permitted anytime before trial so long as the defendant's substantial rights are not prejudiced). Thus, <u>Fajardo</u> was superseded by statute in less than four months. This prompt return to pre-<u>Fajardo</u> law indicates urgency in the legislature's desire to negate the effects of <u>Fajardo</u>."). Importantly, we have also concluded that the quick action of the legislature evidenced an intent that the amended statute be applied retroactively. <u>Id</u>; <u>see also</u> <u>Gomez v. State</u>, 907 N.E.2d 607, 611 (Ind. Ct. App. 2009) (allowing retroactive application of the amended statute), <u>trans. denied</u>; <u>Ramon v. State</u>, 888 N.E.2d 244, 252 (Ind. Ct. App. 2008) (concluding that retroactive application of the amended statute did not violate the ex post facto provisions of either the Indiana or United States Constitutions); <u>Leatherwood</u>, 880 N.E.2d at 321 (concluding the corollary, that <u>Fajardo</u> should <u>not</u> be given retroactive effect).

Given the history of interpretation of the statute in question, the timing of the legislature's amendment to the statute following <u>Fajardo</u>, and our case law since <u>Fajardo</u>, we hold that the post-conviction court did not err in retroactively applying the amended statute rather than applying <u>Fajardo</u>'s interpretation of the pre-amended statute.

---

(A) thirty (30) days if the defendant is charged with a felony; or
(B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors; before the omnibus date; or
(2) before the commencement of trial;
if the amendment does not prejudice the substantial rights of the defendant. When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.
Ind. Code § 35-34-1-5(b).

The State does not argue that the amendment to the information was not an amendment of substance. The question that remains then is whether, under the amended statute—which is comparable to the case law surrounding the statute at the time of Brooks's trial—Brooks's substantial rights were prejudiced by the amendment to the charging information that was allowed after the omnibus date. Substantial rights include a right to notice and an opportunity to be heard regarding the charge. Sides v. State, 693 N.E.2d 1310, 1312 (Ind. 1998). "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." Id. at 1313.

Brooks had more than a year to prepare for trial following the amendment that changed the Class C felony possession charge to a Class A felony possession with intent to deal charge. At the post-conviction hearing, Brooks's trial counsel testified that he was well prepared for the trial, and could not remember the amendment changing his defense strategy. Brooks does not argue that he did not have a reasonable opportunity to prepare for and defend against the amended charge. In Hurst, charges were amended more than six months before trial, and we concluded that Hurst's substantial rights were not prejudiced because there was simply no dispute that he had a reasonable opportunity to prepare for and defend against the amended charge. 890 N.E.2d at 95. Here, we conclude that Brooks had a reasonable opportunity to prepare for and defend against the amended charge, and thus his substantial rights were not prejudiced.[5]

---

[5] We noted above that in November 2005, the State moved to amend the information to add Charge V for felony possession of cocaine while in possession of a firearm, but that the court did not enter judgment or sentence Brooks on this charge because of double jeopardy concerns. For completeness here, we hold that this amendment also did not prejudice Brooks's substantial rights, as his trial attorney had five months following that amendment to prepare for trial, and, again, said at the post-conviction hearing that he was well-prepared for trial.

## II.  Ineffective Assistance of Counsel

### A.  Standard of Review

We review claims of ineffective assistance of counsel under the two prongs set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Bieghler v. State, 690 N.E.2d 188, 192 (Ind. 1997), cert. denied, 525 U.S. 1021 (1998).  The same standard applies to claims of ineffective assistance of appellate counsel.  Id.  To prevail on a claim of ineffective assistance of counsel, Brooks must show that his counsel's performance fell below an objective standard of reasonableness as determined by prevailing norms, and that the lack of reasonable representation prejudiced him.  Randolph v. State, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004), trans. denied.  To satisfy the first prong, the petitioner must show that counsel's performance was deficient in that counsel's representation fell below an objective standard of reasonableness and that counsel committed errors so serious that petitioner did not have the "counsel" guaranteed by the Sixth Amendment.  Reed v. State, 856 N.E.2d 1189, 1195 (Ind. 2006).  To show prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Id.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Pruitt v. State, 903 N.E.2d 899, 906 (Ind. 2009).

Under this standard, judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Bieghler, 609 N.E.2d at 192 (citing Strickland, 466 U.S. at 698).  Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord that decision deference.  Randolph, 802 N.E.2d at

8

1013. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. Id. Additionally, ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. Reed v. State, 856 N.E.2d 1189, 1196 (Ind. 2006). One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel. Id.

Finally, we note that the two prongs of the Strickland test are separate and independent inquiries. Therefore, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may determine the prejudice prong first without inquiring into whether counsel's performance was adequate. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), trans. denied.

### B. Brooks's Appellate Counsel's Failure to Amend Following Fajardo

Brooks claims that he was denied the effective assistance of his appellate counsel when his counsel failed to amend the appellate brief following Fajardo. Brooks contends that his counsel should have filed an amendment to add an issue related to the amended charges that were allowed by the trial court after the omnibus date. As stated above, a claimant must prove both prongs of the Strickland test for ineffective assistance of counsel in order to prevail on the claim; therefore if it is more efficient for us to dispose of a claim by analyzing the second prong alone, we may do so. Here, we find that Brooks has failed to satisfy the second prong of the test, which requires that there be a reasonable probability that, but for counsel's errors, the outcome would have been different. We do not believe that, even if counsel had amended the brief to include an

issue related to Fajardo, there was a reasonable probability that the outcome on direct appeal would have been any different.

Brooks explains in his brief why he believes that counsel's performance fell below prevailing norms, and therefore why Brooks might meet the first prong of Strickland, but Brooks fails to provide more than a conclusory statement that there was a reasonable probability that, with an amendment, the outcome would have been different. The most compelling reason to conclude that there is no reasonable probability that the outcome would have been different is simply the timing of Brooks's appeal, Fajardo, and the legislative amendment to the relevant statute. Brooks's appellate brief was filed on the same day that Fajardo was decided. It is true that several months then passed before the legislative amendment to the statute took effect; however, Brooks's appeal was still pending at that time, and was not decided until more than three months after the statute was revised. Given this court's interpretation of the legislative intent behind the amendment and our permitting retroactive application of that amended statute, see, e.g., Ramon v. State, 888 N.E.2d 244 (Ind. Ct. App. 2008), it is not reasonably probable that we would have been any more likely to apply Fajardo to Brooks on direct appeal than we were here today. While the Ramon case was decided after Brooks's appeal and would not have been available to us then, we simply would have had an earlier opportunity to interpret the intent of the legislature and to retroactively apply its amendment.

We need not address the first prong of Strickland, having found that Brooks has failed to meet the second. However, it is worth noting that, while Brooks's appellate counsel has admitted that he was not aware of Fajardo when it was decided, he also stated at the post-conviction hearing that he felt that the issue he appealed was the strongest

10

issue at the time. He said that even if he had known about <u>Fajardo</u> when it was decided, he likely would not have amended his appellate brief. Considering the level of deference that is given to counsel in developing a strategy, and the strategic importance of deciding which issues to raise on appeal, we cannot say that counsel provided ineffective assistance by not amending his appellate brief. We hold that Brooks was not denied the effective assistance of his appellate counsel.

## Conclusion

Concluding that the post-conviction court appropriately applied the amended version of Indiana Code section 35-34-1-5 and that Brooks's substantial rights were not violated by the amendments to the information, and that Brooks did not receive ineffective assistance of appellate counsel, we affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.