**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the
purpose of establishing the defense of
res judicata, collateral estoppel, or the
law of the case.**

ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana



FILED

Mar 28 2013, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAYMON HOLBERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1209-PC-455 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven J. Rubick, Magistrate
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-0601-PC-10054

**March 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Daymon Holbert appeals the post-conviction court's denial of his petition for post-conviction relief. Holbert raises two issues on appeal: 1) whether he was denied the effective assistance of his trial counsel; and 2) whether he was denied the effective assistance of his appellate counsel. Concluding that Holbert was not denied the effective assistance of trial or appellate counsel, we affirm.

## Facts and Procedural History

In 2006, Holbert was charged with two counts of murder and one of robbery. One of the murder charges was eventually dropped. In 2007, Holbert and a co-defendant, Jacques Johnson, were tried to a jury in a joint trial. Holbert was found guilty on both the murder and robbery charges.[1] Holbert was sentenced to sixty years on the murder count and twenty years on the robbery count, to be served concurrently. Holbert filed a direct appeal challenging the admission of a portion of testimony, and we affirmed his conviction. Holbert v. State, 900 N.E.2d 85 (Ind. Ct. App. 2008), trans. denied. In 2009, Holbert filed a pro se petition for post-conviction relief, which was amended in 2010. A hearing on the petition was held in November 2011.[2] In August 2012, the court issued findings of facts and conclusions of law and denied Holbert's petition. This appeal followed.

---

[1] Johnson was also found guilty of the counts charged against him.

[2] Holbert's brief states that both the original and amended petitions were filed pro se, although we note that Holbert was represented at the hearing by the same counsel who filed his brief in this appeal.

<u>Discussion and Decision</u>

I. Standard of Review

To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. <u>Thacker v. State</u>, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), <u>trans. denied</u>. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. <u>Benefield v. State</u>, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. <u>Id.</u> We examine only the probative evidence and reasonable inferences that support the post-conviction court's determination and we do not reweigh the evidence or judge the credibility of the witnesses. <u>Conner v. State</u>, 711 N.E.2d 1238, 1245 (Ind. 1999), <u>cert. denied</u>, 531 U.S. 829 (2000).

We review claims of ineffective assistance of counsel under the two prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Bieghler v. State</u>, 690 N.E.2d 188, 192 (Ind. 1997), <u>cert. denied</u>, 525 U.S. 1021 (1998). The same standard applies to claims of ineffective assistance of trial or appellate counsel. <u>Id.</u> To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance was deficient and that the lack of reasonable representation prejudiced him. <u>Randolph v. State</u>, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004), <u>trans. denied</u>. To satisfy the first prong, the petitioner must show that counsel's performance was deficient in that counsel's representation fell below an objective standard of reasonableness and that

counsel committed errors so serious that petitioner did not have the "counsel" guaranteed by the Sixth Amendment. Reed v. State, 856 N.E.2d 1189, 1195 (Ind. 2006). To show prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Pruitt v. State, 903 N.E.2d 899, 906 (Ind. 2009).

Under this standard, judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Bieghler, 690 N.E.2d at 192 (citing Strickland, 466 U.S. at 698). Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord that decision deference. Randolph, 802 N.E.2d at 1013. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. Id. Additionally, ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. Reed, 856 N.E.2d at 1196. One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel. Id.

Finally, we note that the two prongs of the Strickland test are separate and independent inquiries. Therefore, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may determine the prejudice prong first without inquiring into whether counsel's performance was adequate. Thacker, 715 N.E.2d at 1284.

## II. Trial Counsel

We note at the outset that the State has failed to file an appellee's brief in this appeal. When, as here, the appellee does not file a brief, we apply a less stringent standard of review and will reverse the trial court if the appellant establishes prima facie error. State v. C.D., 947 N.E.2d 1018, 1021 (Ind. Ct. App. 2011). "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." Id. This rule is not intended to benefit the appellant, but rather to relieve us of the burden of developing arguments on behalf of the appellee. Id. The burden of demonstrating trial court error remains with the appellant. Id.

Holbert first argues that he was denied the effective assistance of his trial counsel because he was not informed of a plea agreement that was offered by the State. At the post-conviction relief hearing, testimony from Holbert's trial attorneys as well as Holbert himself indicated that there was a plea agreement offered at some point, but the testimony was inconsistent as to the terms and timing, and there was no written evidence of a plea offer.[3] Holbert contests the lower court's finding that there is no positive evidence that a firm offer was actually made. While we might lean more toward the conclusion that some offer was made, as all parties remember some version of an offer, it is true that there was no concrete evidence or consistent testimony. Further, without physical evidence of an offer, whether there was an offer or what its terms were comes down to weighing the credibility of witnesses, and we do not reweigh that evidence on appeal. More importantly, regardless of where we would come down on the issue of the existence

---

[3] Holbert testified that, after he was sentenced, he was asked by a relative why he had not taken the plea offer, and that was when he first learned that there had been an offer.

5

of a plea offer, we agree with the post-conviction court that there is no evidence that Holbert would have taken the plea, assuming one was offered and communicated to him. Because he can show no prejudice in any failure of counsel to apprise him of a plea offer, we agree that he has failed to carry his burden regarding ineffective assistance of counsel.

On that point, Holbert argues that it was further ineffectiveness that leads him to be unsure of whether he would have taken the plea if communicated to him. He argues that his counsel did not communicate to him the status of his case or the evidence against him, and because of that failure, he would have been unable to weigh his options and decide whether to take the plea offer. However, this argument was not developed below and the record does not indicate how often his counsel communicated with him or how much they told him about his case. Further, Holbert does not detail which parts of the case or evidence against him his counsel failed to communicate to him, or what information would have influenced his decision to take a plea. He does not outline what it is his attorneys were supposed to have discussed with him at the time, but did not, that would allow him to say whether he would have taken the plea. He has failed to meet the prongs of Strickland.

### III. Appellate Counsel

Holbert next argues that his appellate counsel was ineffective in failing to raise insufficiency of the evidence for both his robbery and murder convictions in the direct appeal. Holbert first contends that counsel should have appealed the sufficiency of the evidence surrounding his robbery conviction, and notes that co-defendant Johnson's robbery conviction was reversed on appeal. See Johnson v. State, 893 N.E.2d 779 (Ind. Ct. App. 2008), trans. denied. Holbert takes issue with the post-conviction court's

6

conclusion that Holbert and Johnson were differently situated such that our decision as to Johnson does not necessarily indicate that we would have decided the same way relative to Holbert had he appealed the same issue. This conclusion seems aimed more at the prejudice prong of the <u>Strickland</u> test.[4]

Without disagreeing with the post-conviction court, we note that even if it could be said with certainty at this point that we would have also reversed Holbert's robbery conviction had the sufficiency of the evidence supporting it been appealed, that does not mean that Holbert would meet the deficiency prong of <u>Strickland</u>. In fact, the record indicates that Holbert has not met his burden with regard to that first prong. Holbert notes that at the post-conviction relief hearing, his appellate attorney admitted to knowing the outcome of Johnson's appeal. Whether intentionally or not, Holbert appears to confuse the timeline. His appellate attorney may well know the outcome of Johnson's appeal now, but Johnson's appeal was not handed down until well after Holbert's direct appeal was filed. Holbert's appellate counsel did not have the benefit of the results of Johnson's appeal before he filed and briefed Holbert's direct appeal. Moreover, he testified at the hearing that he considered sufficiency of the evidence for both charges as he was deciding what to appeal, but he did not feel that either challenge had merit. While he may feel differently now in hindsight, that is not the standard by which we judge counsel's performance. The decision of what issues to raise on appeal is a strategy decision that is left to counsel, and if counsel here considered the possible avenues and

---

[4] Relevant to that prong, we also note that Holbert admits that reversal of his robbery charge alone would have been of no benefit to him, because his murder sentence was longer and they were to be served concurrently.

chose the one that he felt was most meritorious and most likely to aid his client, we cannot say that indicates deficient performance.

Holbert also argues that appellate counsel should have raised as an issue on direct appeal the sufficiency of the evidence supporting his murder conviction. Although Holbert's brief is difficult to parse, he implies that the admission of testimony which was appealed is also relevant to his murder charge, but that in his direct appeal we only considered it relative to his robbery charge. In his direct appeal, he challenged the admission of a statement by a witness. We concluded that the statement was inadmissible hearsay but that the error was harmless because there was sufficient other evidence to support his conviction. Holbert, 900 N.E.2d 85 at *4. He claims here that that same hearsay was the only evidence supporting his murder charge. We do not read our opinion in Holbert's direct appeal to be limited to the robbery charge. We mention both murder and robbery in our discussion, and the issue presented was whether the trial court abused its discretion in admitting the statement. Once we decided that the statement was admitted in error, had we concluded that it was the only evidence supporting Holbert's murder conviction, we would not have considered the error harmless. To the extent that Holbert is attempting to re-argue his direct appeal or supplement that argument, it is inappropriate to do so here at the post-conviction relief stage. The issue of the hearsay statement was available on direct appeal, and indeed was the basis for that appeal— it does not appear from either our opinion or a cursory inspection of Holbert's brief on direct appeal that the issue was limited to the robbery conviction. Holbert has not convinced us that he would have prevailed had the sufficiency of the evidence surrounding his murder charge been directly challenged, and

8

has certainly not convinced us that his appellate counsel's performance was deficient in the issues that counsel chose to advance on direct appeal. We are not left with a firm conviction that a mistake has been made by the post-conviction court.

## Conclusion

Concluding that Holbert was not denied the effective assistance of either trial or appellate counsel, we affirm the post-conviction court's denial of his petition for post-conviction relief.

Affirmed.

MAY, J., and PYLE, J., concur.