**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JONATHAN O. CHENOWETH**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 09 2013, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES Q. BRYANT,                          )
                                          )
        Appellant-Defendant,              )
                                          )
            vs.                           )     No. 49A02-1211-PC-869
                                          )
STATE OF INDIANA,                         )
                                          )
        Appellee-Plaintiff.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-0802-PC-44915

**May 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

James Q. Bryant appeals the post-conviction court's denial of his petition for post-conviction relief. Bryant raises two issues on appeal: 1) whether he was denied the effective assistance of his trial counsel; and 2) whether he was denied the effective assistance of his appellate counsel. Concluding that Bryant was not denied the effective assistance of trial or appellate counsel, we affirm.

## Facts and Procedural History

On February 8, 2008, Ashley Everman was at home in the "apartment she shared with her sister, cousin, and niece when she heard a knock at the door. . . . Everman cracked open the door but then, upon seeing several people congregated outside, attempted to shut it. Everman was knocked down as the door was shoved open." Bryant v. State, 911 N.E.2d 735 at *1, No. 49A05-0901-CR-17 (Ind. Ct. App., Aug. 21, 2009), trans. denied. Bryant, whom Everman had recently met while visiting a mutual friend, and two other men entered the apartment. Id. The three men proceeded to take money and other items, threaten the occupants, strike Everman with a gun twice, and then tie up Everman and another occupant before they left. Id. All three men were apprehended in the neighborhood shortly thereafter, and identified by Everman. Id.

On February 25, 2008, Bryant was charged with burglary, carrying a handgun without a license, pointing a firearm, four counts of criminal confinement, battery, robbery, intimidation, and two counts of theft. Following a joint trial with the two other men, Bryant was found guilty of all charges, and was sentenced to an aggregate of thirty-six years. Bryant then filed a direct appeal, challenging the sufficiency of the evidence

underlying his intimidation and burglary convictions. We affirmed his convictions. Id. at *3.

Bryant filed a pro se petition for post-conviction relief on April 19, 2010, and then an amended petition via counsel on June 27, 2012. The post-conviction court conducted a hearing on the petition on July 18, 2012, and subsequently entered findings of fact and conclusions of law, and denied Bryant's petition. This appeal followed. Additional facts will be supplied as necessary.

<u>Discussion and Decision</u>

I. Standard of Review

To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), trans. denied. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. Benefield v. State, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. Id. We examine only the probative evidence and reasonable inferences that support the post-conviction court's determination and we do not reweigh the evidence or judge the credibility of the witnesses. Conner v. State, 711 N.E.2d 1238, 1245 (Ind. 1999), cert. denied, 531 U.S. 829 (2000).

We review claims of ineffective assistance of counsel under the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Bieghler v. State, 690 N.E.2d

3

188, 192 (Ind. 1997), cert. denied, 525 U.S. 1021 (1998). The same standard applies to claims of ineffective assistance of trial or appellate counsel. Id. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance was deficient and that the lack of reasonable representation prejudiced him. Randolph v. State, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004), trans. denied. To satisfy the first prong, the petitioner must show that counsel's performance was deficient in that counsel's representation fell below an objective standard of reasonableness and that counsel committed errors so serious that petitioner did not have the "counsel" guaranteed by the Sixth Amendment. Reed v. State, 856 N.E.2d 1189, 1195 (Ind. 2006). To show prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Pruitt v. State, 903 N.E.2d 899, 906 (Ind. 2009).

Under this standard, judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Bieghler, 690 N.E.2d at 192 (citing Strickland, 466 U.S. at 689). Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord that decision deference. Randolph, 802 N.E.2d at 1013. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. Id. Additionally, ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. Reed, 856 N.E.2d at 1196. One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be

4

made by appellate counsel. Id. To evaluate the performance prong when counsel waived issues upon appeal, we apply the following test: (1) whether the unraised issues are significant and obvious from the face of the record and cannot be explained by any reasonable strategy, and (2) whether the unraised issues are "clearly stronger" than the raised issues. Kendall v. State, 886 N.E.2d 48, 53 (Ind. Ct. App. 2008), trans. denied.

Finally, we note that the two prongs of the Strickland test are separate and independent inquiries. Therefore, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may determine the prejudice prong first without inquiring into whether counsel's performance was adequate. Thacker, 715 N.E.2d at 1284.

## II. Effective Assistance of Trial Counsel

Bryant argues that he was denied the effective assistance of his trial counsel when his counsel failed to object to jury instruction number twenty-four, which read:

> The term "breaking" is defined by law as follows:
> A "breaking" is an illegal and unconsented entry, no matter how slight or minimal. There does not have to be rupturing or breaking in order to establish that a breaking occurred. It is enough to show that even the slightest force was used to gain entry. Even the opening of an unlocked door is sufficient to constitute a "breaking."
> An "entering" occurs when a person puts himself inside a structure.

Brief of Appellee at 9. Bryant's concern is with the sentence, "[e]ven the opening of an unlocked door is sufficient to constitute a 'breaking,'" with its use of the word "is." Bryant argues that this sentence gave rise to a mandatory presumption such that, if the jury found that Bryant had opened the door to Everman's apartment, then the breaking element of burglary was met. We disagree.

5

"A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." Higgins v. State, 783 N.E.2d 1180, 1185 (Ind. Ct. App. 2003), trans. denied. When we examine jury instructions, we consider the instructions as a whole and in reference to each other, and will only find reversible error if the instructions as a whole mislead the jury as to the law in the case. White v. State, 846 N.E.2d 1026, 1032-33 (Ind. Ct. App. 2006), trans. denied.

Here, Bryant invites us to follow State v. Jones, 805 N.E.2d 469, 473 (Ind. Ct. App. 2004), opinion aff'd in relevant part, 835 N.E.2d 1002 (Ind. 2005)—in which we found an instruction regarding the breaking element created a mandatory presumption— and to ignore Higgins and White—in which we found instructions regarding the breaking element to create permissive inferences—because the instructions in Higgins and White were "wrongly held" to be permissive inferences. Brief of Petitioner-Appellant at 14. However, both Higgins and White are more on-point for the case at hand, as both of those cases evaluated instructions in which the word "is" was at issue, and in both cases the jury was also instructed as to their right to determine the law and the facts, as is true here. As in Higgins and White, we decline here to hold that "that the mere inclusion of the word 'is' in an instruction creates a mandatory presumption." White, 846 N.E.2d at 1033; Higgins, 783 N.E.2d at 1186. While we agree that the better practice would have been to word the instruction with something along the lines of "may be enough" rather than "is," we do not believe that, in the context of the jury instructions as a whole, the wording here created a mandatory presumption.

Bryant's particular concern here is that, if the instruction created a mandatory presumption, the jury would not be free to consider the affirmative defense of consent regarding the breaking element. Bryant admits that in a "run-of-the-mill burglary or residential entry case—that is, a case in which the defendant denies that he applied any physical force against the structure—a mandatory presumption . . . is harmless." Br. of Pet.-Appellant at 15. In this case though, it appears that evidence was presented at trial that left open the possibility that Everman initially consented to Bryant's entry into the apartment, and thus the timing of her withdrawal of that consent would be relevant to whether Bryant committed a "breaking." Further, in this case Bryant admitted that the other elements of burglary were met, and so the element of breaking was the focus of his case.

Given the instructions as a whole, we believe the jury was still free to consider consent as it related to the element of breaking. Instruction twenty-four itself references consent when it says that breaking "is an illegal and unconsented entry." Br. of Appellee at 9. Bryant argues that the jury could have misunderstood that portion of the instruction and confused consent of the homeowner with authorization by the State, and thus interpreted it to mean that the State had to prove lack of consent (rather than having to disprove consent once it was raised as an affirmative defense). However, Bryant admits that there is "little practical difference between proving an element and disproving an affirmative defense"— particularly, we would add, in a lay person's mind. Br. of Pet.-Appellant at 21.

Finally, even if the instruction did create a mandatory presumption, the jury here was also instructed that it is the judge of the law and the facts; this additional instruction

would essentially cure any defect caused by the mandatory presumption. See White, 846 N.E.2d at 1033; Higgins, 783 N.E.2d at 1187; see also Ind. Const. art 1, § 19.

We conclude that the instruction at issue created only a permissive inference and not a mandatory presumption. In light of the instructions as a whole, the jury was free to consider the affirmative defense of consent. Bryant's trial counsel was not deficient in failing to object to the instruction, and because any objection to the instructions would likely have been overruled, Bryant was not prejudiced by counsel's failure to object. We are not left with a firm conviction that a mistake has been made by the post-conviction court in determining that Bryant's trial counsel provided effective assistance.

### III. Effective Assistance of Appellate Counsel

Bryant next argues that he was denied the effective assistance of his appellate counsel when counsel failed to challenge instruction twenty-four on direct appeal. Because trial counsel did not object to instruction twenty-four when it was given, it would have been waived as an issue on appeal unless appellate counsel demonstrated the existence of fundamental error. Wilson v. State, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010), trans. denied. Fundamental error requires a showing of greater prejudice than ordinary reversible error. Id. Because, as detailed above, we find that there was no reversible error in this case, the bar of fundamental error certainly would not have been met. The decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel, and we cannot say that this issue was clearly stronger than the issues that counsel chose to raise on appeal. We are not left with a firm conviction that a mistake has been made by the post-conviction court in determining that Bryant's appellate counsel provided effective assistance.

8

## Conclusion

Concluding that Bryant was not denied the effective assistance of either trial or appellate counsel, we affirm the post-conviction court's denial of his petition for post-conviction relief.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.