## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 29 2016, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John F. Harris
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John F. Harris,

*Appellant-Petitioner*,

v.

State of Indiana,

*Appellee-Respondent*.

April 29, 2016

Court of Appeals Case No.
20A04-1502-PC-53

Appeal from the Elkhart Superior Court

The Honorable George W. Biddlecome, Judge

Trial Court Cause No.
20D03-1306-PC-41

**Brown, Judge.**

[1] John F. Harris appeals the denial of his petition for post-conviction relief. Harris raises two issues which we consolidate and restate as whether the post-conviction court erred in denying his petition for relief. We affirm.

### Facts and Procedural History

[2] The relevant facts as discussed in Harris's direct appeal follow:

> Around 2:00 a.m. on October 1, 2010, Officer James Wrathell saw Harris walking "down the middle of Madison Street" in Elkhart. Tr. at 55. Officer Wrathell decided to stop Harris because walking in the middle of the roadway is "a violation of state statute" and also because the police department receives "a lot of calls in that area for kids, adults being in the road and causing problems with the flow of traffic, particularly coming in and out of apartments." *Id.*
>
> Officer Wrathell first observed Harris just north of Middlebury Street walking toward River Run Apartments ("River Run"), which consists of six buildings adjacent to Madison and Middlebury Streets. Officer Wrathell stopped his car and approached Harris. Officer Wrathell asked Harris for identification, and Harris stated that he did not have it with him. Harris seemed nervous, and Officer Wrathell ordered him to put his hands on his head. Instead, Harris fled into one of the apartment buildings. Officer Wrathell followed Harris inside and managed to subdue Harris in the hallway.
>
> Officer Wrathell searched Harris and found about $680 in cash, several bags of marijuana, and a bag of individually-packaged rocks of cocaine.

*Harris v. State*, 981 N.E.2d 610, 612 (Ind. Ct. App. 2013), *trans. denied*.

[3] The State charged Harris with possession of cocaine or a narcotic drug as a class B felony and being an habitual offender. After a bench trial, the court found Harris guilty and sentenced him to an aggregate term of forty-three years.

[4] On direct appeal, Harris argued that the evidence was insufficient to rebut his defense to the class B felony enhancement of his conviction for possession of cocaine and to support the habitual offender finding. *Id.* at 613. We affirmed the class B felony conviction and reversed the habitual offender enhancement. *Id.* at 614-616.

[5] On June 19, 2013, Harris filed a petition for post-conviction relief alleging in part that his trial counsel was ineffective. In his petition, Harris alleged that the trial court abused its discretion, the prosecutor committed misconduct, and his "lawyer(s) was ineffective." Appellant's Supplemental Appendix at 14. As to his claim of ineffective assistance, he asserted that his "lawyer(s) did not investigate whether or not the apartment complex was qualified as a family housing complex." *Id.* at 15. On December 27, 2013, Harris filed a motion for leave to amend his petition and an amended petition for post-conviction relief. On January 16, 2014, the court granted Harris's motion for leave to amend his petition.[1]

---

[1] The record does not contain a copy of Harris's amended petition for post-conviction relief. The State asserts: "To not further delay this appeal, the State relies upon the statement of the issues found in the post-conviction court's findings of fact and conclusions of law to determine the issues raised by [Harris] below." Appellee's Brief at 8.

[6]  On September 24, 2014, the post-conviction court held a hearing. At the beginning of the hearing, Harris's post-conviction counsel stated that the testimony would focus on whether trial counsel was effective with respect to the presentation of the defense related to the stop and by failing to tender any evidence with respect to mitigation at sentencing. The prosecutor argued that the allegation that trial counsel failed to tender evidence in mitigation was not an issue claimed in the amended petition for post-conviction relief.

[7]  After further discussion, Harris's post-conviction counsel moved to amend the petition and requested the "opportunity to essentially fully vet these issues to the court in a manner that's more appropriate than the Petitioner's *pro se* Petition." Post-Conviction Transcript at 14. The prosecutor stated that he was opposed to an amendment. The court noted that post-conviction counsel appeared on May 6 and that the hearing was continued at his request, and it denied the motion to amend.

[8]  Matthew Johnson testified that he and another attorney had served as co-counsel and that they had met with Harris many times in relation to plea negotiations as well as in preparation for trial, "prepped everything for trial," attempted plea negotiations, and "set up everything for his appeal." *Id.* at 17. He also testified that he reviewed the police reports associated with the case many times and if he believed that there were other witnesses to pursue he would have pursued them, and that he did not believe there was any basis to file a motion to suppress. He testified that he received some letters from Harris's children which he tendered to the court, and that he did not recall whether he

considered calling any witnesses or whether Harris suggested any witnesses for sentencing purposes.

[9] Harris testified that he discussed with Johnson calling Yolanda Childress as a witness in support of his defense. He testified that Childress was walking with him on the evening in question and that she kept walking once the officer came onto the scene. Harris's post-conviction counsel asked Harris if he thought Childress would testify on his behalf if she was subpoenaed, the State objected "on speculation," and Harris's post-conviction counsel withdrew the question. *Id.* at 35.

[10] After the presentation of the evidence, Harris's post-conviction counsel discussed Childress, and the court stated: "My point is: We did not hear from her today. We have no idea what she would have said if she would have testified at trial, and we don't know whether her testimony at trial would have been favorable to the defendant or unfavorable to the defendant." *Id.* at 48-49. The court later stated: "I would like to point out I didn't hear from any of these potential witnesses today, and I have no idea what they would have said. It may have been favorable to the defendant. It may not have been favorable to the defendant. Without knowing what they said, it is difficult for me to determine that the defendant was prejudiced by defense counsel's failure to call them as witnesses." *Id.* at 53.

[11] On December 17, 2004, the post-conviction court denied Harris's petition. In its order, the court stated Harris's allegations as follows:

> In his PETITION, [Harris] alleged as grounds for relief that the State committed misconduct by filing a "bogus" habitual enhancement. He also claimed that his trial counsel was ineffective for failing to investigate the apartment complex sufficiently to establish that it qualified as a family housing project. Additionally, [Harris] averred that trial counsel did not render an adequate defense by failing to file a motion to suppress evidence regarding the initial stop of [Harris].

Appellant's Supplemental Appendix at 39-40.

### Discussion

[12] Before discussing Harris's allegations of error, we observe that the purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). A post-conviction petition is not a substitute for an appeal. *Id.* Further, post-conviction proceedings do not afford a petitioner a "super-appeal." *Id.* The post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. *Id.* If an issue was known and available but not raised on appeal, it is waived. *Id.*

[13] We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse

the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

[14] Harris argues that we "should apply the clearly erroneous standard because the post-conviction court's findings of facts and conclusions of law are a virtually verbatim copy of those proposed by the State with no evidentiary proof and allowing contradictory testimony from both trial and sentencing counsel." Appellant's Brief at 2. Without citation to the record, Harris asserts that he testified that his trial counsel did not question any of the witnesses and that there were multiple witnesses including but not limited to Childress. Without citation to the record, Harris also states that his trial counsel "spoke to no one regarding testifying as character witnesses" and "had not spoke[n] to the many family members so they could testify for the appellant at sentencing." *Id.* at 6. Harris mentions trial counsel's "[f]ailure to timely suppress," but does not address this issue in his argument section. *Id.* at 1.

The State argues that Harris's "virtual verbatim copy argument fails on the most basic level because [he] failed to provide a copy of the State's proposed findings in his supplemental appendix to support his allegation." Appellee's Brief at 12. The State asserts that Harris fails to articulate what aspect of the findings is in error such that this court cannot give due deference. It contends that Harris fails to develop a cogent argument on the issue of whether evidence supports the findings. The State also argues that Harris's claims that his trial counsel was ineffective for failing to investigate the facts and present witnesses and failing to present evidence on his behalf at the sentencing hearing were waived because he did not raise them in his petition for post-conviction relief.

We observe that Harris is proceeding *pro se*. Such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. We also observe that Harris does not include a Statement of Facts as required by Ind. Appellate Rule 46(A)(6).[2] To the extent that Harris

---

[2] Ind. Appellate Rule 46(A) provides in part:

> The appellant's brief shall contain the following sections under separate headings and in the following order:
>
> > (6) Statement of Facts. This statement shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case.
> >
> > > (a) The facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C).
> > > (b) The facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed.
> > > (c) The statement shall be in narrative form and shall not be a witness by witness summary of the testimony.
> > > (d) In an appeal challenging a ruling on a post-conviction relief petition, the statement may focus on facts from the post-conviction relief proceeding rather than on facts relating to the criminal conviction.

fails to cite to the record or develop a cogent argument, including his assertion that his trial counsel was ineffective for "[f]ailure to timely suppress," Appellant's Brief at 4, we conclude that such arguments are waived. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); *Shane v. State*, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument); *Smith v. State*, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[17] To the extent that Harris argues that the post-conviction court adopted a virtually verbatim copy of the State's proposed order, as mentioned by the State the record does not contain a copy of the State's proposed order. Thus, we cannot compare the post-conviction court's order and the State's proposed order. Further, Harris does not develop an argument that he did not receive a full, fair, and unbiased adjudication of his post-conviction claims. *See Stevens v. State*, 770 N.E.2d 739, 762 (Ind. 2002) ("While near verbatim reproductions may appropriately justify cautious appellate scrutiny, we decline to hold that the post-conviction court's utilization of the State's proposed findings in the present case constituted a failure to provide the defendant with a full, fair and

unbiased adjudication of his post-conviction claims."), *reh'g denied*, *cert. denied*, 540 U.S. 830, 124 S. Ct. 69 (2003).

[18]    As for Harris's claims that his trial counsel was ineffective, a petitioner generally waives an issue by failing to raise the issue in his petition for post-conviction relief. *See* Ind. Post-Conviction Rule 1(8); *Saylor v. State*, 765 N.E.2d 535, 548 (Ind. 2002), *reh'g granted on other grounds by* 808 N.E.2d 646 (Ind. 2004). Harris's initial petition did not allege that his trial counsel was ineffective for failing to prepare for trial or present mitigating evidence. The record does not contain Harris's amended petition for post-conviction relief. While the fact that Harris did not include his amended petition for post-conviction relief does not result in waiver,[3] he fails to assert that the post-conviction court's listing of his allegations for relief in its order was improper. He also fails to assert on appeal that the allegations he raised in his amended petition include his claims that his trial counsel was ineffective for failing to investigate, prepare a defense, or present evidence at the sentencing hearing. Rather, in his reply brief, Harris states that "[a]lthough the issues raised were originally raised in [his] P.C.R. Petition the Trial Court showed its continual abuse of discretion when it denied [him] permission for Leave to amend his P.C.R. Petition (Appellant's Supplemental Appendix Pg. 23) when it was filed

---

[3] Ind. Appellate Rule 49(B) provides that "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument."

well before the 60 day deadline" outlined in Ind. Post-Conviction Rule 1(4)(c).[4] Appellant's Reply Brief at 2. However, the motion for leave to amend his petition which was filed on December 27, 2013, and which is found on page 23 of Harris's Supplemental Appendix and is cited by Harris in his reply brief, was granted by the court on January 16, 2014. The court denied Harris's later request at the post-conviction hearing to amend the petition. Harris develops no argument that this denial was improper.

[19]     Even assuming that Harris previously raised his argument that his trial counsel was ineffective for not questioning Childress or speaking to family members so they could testify for him at sentencing, we cannot say that reversal is warranted. To prevail on a claim of ineffective assistance of counsel a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), *reh'g denied*). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[4] Ind. Post-Conviction Rule 1(4)(c) provides: "At any time prior to entry of judgment the court may grant leave to withdraw the petition. The petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition shall be by leave of the court."

different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001). Failure to satisfy either prong will cause the claim to fail. *French*, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.* As stated by the post-conviction court at the hearing, Harris did not present any testimony from Childress, specify what her testimony would have been, or present any testimony from potential witnesses. Accordingly, we cannot say that reversal is warranted.

## *Conclusion*

[20] For the foregoing reasons, we affirm the post-conviction court's denial of Harris's petition for post-conviction relief.

[21] Affirmed.

Baker, J., and May, J., concur.